**PIMENTEL LAW, P.C.**
Gabriel J. Pimentel, Esq. (SBN 265328)
GJP@PimentelLaw.com
Yesenia L. Rodriguez, Esq. (SBN 331499)
YLR@PimentelLaw.com
30 N. Raymond Avenue, Suite 211
Pasadena, CA 91103
Telephone: (626) 765-9800
Fax: (626) 628-3081

Attorneys for Plaintiffs,
Guillermo Beltran, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR., LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, AND RUDY DELAO, individuals, on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>INTER-CON SECURITY SYSTEMS, INC., a California corporation, ENRIQUE HERNANDEZ, JR., and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No.: 2:21-cv-04927-VAP-AFMx<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; DECLARATION OF GABRIEL J. PIMENTEL**<br><br>Date: September 13, 2021<br>Time: 2:00 p.m.<br>Courtroom: 8A, 8th Floor<br>Judge: Hon. Virginia A. Phillips<br><br>Removal filed: June 16, 2021 |

Plaintiffs herby submit the following Reply to Defendant's Opposition to their

Motion to Remand. This Reply will be based upon the attached memorandum of points and authorities, exhibits, all pleadings, and records on file herein, all facts and matters of which the Court may take judicial notice, and such oral and documentary evidence as may be presented at hearing on this Motion.

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Defendant claims that the SONGS's facility's status as a federal enclave, in and of itself, confers federal question jurisdiction on this Court irrespective of the nature of Plaintiffs' substantive claims. But even if a Defendant could get around the well pleaded complaint rule by asserting the federal enclave doctrine as a defense, the relevant inquiry would not be whether SONGS was a federal enclave at the time Plaintiffs' state law claims arose, but rather, whether it was one at the time their claims were enacted into law. Because SONGS was not a federal enclave at the time that Plaintiffs' state law claims were enacted, the federal enclave doctrine is inapplicable and would therefore divest the Court of federal question jurisdiction even assuming Defendant could get around the well pleaded complaint rule. Consequently, Plaintiffs request that their Motion to Remand be granted.

## II. ARGUMENT

### a. SONGS' Current Status as a Federal Enclave is Irrelevant

As was pointed out in Plaintiffs' Opposition to Defendant's Motion to Dismiss, Plaintiffs dispute that SONGS was acquired by the United States in 1942. A quitclaim deed from the San Diego County Recorder's office shows that title to SONGS was not transferred from California to the federal government until June 1995. (See Plaintiffs' Opposition to Motion to Dismiss First Amended Complaint 3:4-6). The fact that the United States began using the land located on SONGS in 1942 does not prove that it acquired title to that land at that time. Because the state laws that Plaintiffs seek to enforce predate the federal government's acquisition of SONGS in 1995, the federal enclave doctrine is inapplicable to any of Plaintiffs' state law claims.

**b. SONGS' Current Status as a Federal Enclave Does Not Confer Jurisdiction to the Court**

Defendant contends that Plaintiffs have engaged in artful pleading in an attempt to avoid federal jurisdiction. "The artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that `[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.'" *Lippitt v. Raymond James Fin. Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citing *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1389 (9th Cir. 1989) (quoting *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987))." "The artful pleading doctrine allows courts to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state-law claim as a federal claim."") *Id.*

Here, Plaintiffs have not failed to plead allegations of federal law that are essential to the establishment of their claims or disguised federal law claims in state terms. There is no federal law that is essential to establishing any elements of their state law claims.

The "federal enclave doctrine permits federal courts to exercise jurisdiction over tort and personal injury claims that arise in federal enclaves." *Kerr v. Del. N. Cos.*, 1:16-cv-01797-LJO-SAB, at *5 (E.D. Cal. Mar. 3, 2017). As such, the Court's exercise of jurisdiction over the case is permissive.

Plaintiffs do not dispute that the conduct alleged in their Complaint occurred on federal land. But that does not resolve the issue of federal question jurisdiction. To determine whether the federal enclave doctrine applies here, the Court must resolve whether the state law claims plead in Plaintiffs' Complaint were in existence *prior* to the date that the federal government acquired title to SONGS. *See Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007). Here, because Plaintiffs' state law claims were in existence prior to the federal government's acquisition of title to

SONGS, the federal enclave doctrine is inapplicable to their state law claims.

**c. The Court Lacks Federal Question Jurisdiction Because None of Plaintiffs' State Law Claims Are Preempted by the Federal Enclave Doctrine**

Defendant's argument that this Court has federal question jurisdiction over this dispute is predicated on the premise that the federal enclave exception applies to Plaintiffs' state law claims. Based on this reasoning, if the Court were to find that the federal enclave doctrine did not apply, then there would be no basis for it to exercise federal question jurisdiction. As discussed above, based on the 1995 quitclaim deed, Plaintiffs' state law claims are not preempted by the federal enclave doctrine. Thus, based on Defendant's reasoning, there can be no exercise of federal question jurisdiction.

**d. The Class of Employees Who Did Not Work at SONGS is Relevant to Remand**

Defendant claims that if the Court were to find that the federal enclave doctrine applied, the entire suit should be dismissed because there would be no remaining Plaintiffs with standing. However, at least one of the current named class members, Paganini Louissaint, worked at a location other than SONGS within the last three years. As such, there would be at least one current named class member who would have standing to pursue this action even if all claims arising at the SONGS facility were barred by the federal enclave doctrine.

Assuming the Court found that the federal enclave doctrine applied, and therefore dismissed all state law claims that arose at the SONGS facility, it should not exercise supplemental jurisdiction over the remaining claims because there would be no legal issues that arise under federal law, and it would be adjudicating purely state law claims that arise in jurisdictions that are not federal.

## III. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court remand

this action to the Los Angeles County Superior Court.

**PIMENTEL LAW, P.C.**

Dated: August 30, 2021

By: ______________________

Gabriel J. Pimentel, Esq.
Yesenia L. Rodriguez, Esq.
Attorneys for Plaintiffs

**DECLARATION OF GABRIEL J. PIMENTEL**

I, Gabriel J. Pimentel, declare as follows:

1. I am the attorney for the Claimant in this action, and am a member in good standing with the State Bar of California.

2. I have personal knowledge of all facts contained in this declaration, and if called to do so, I could and would testify thereto.

3. At least one of the current named class members, Paganini Louissaint, worked at a location other than SONGS within the last three years.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 30, 2021

By: ______________________
Gabriel J. Pimentel